IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| John A. Nell and Rebecca L. Nell, ) | C/A No.: 0:13-639-JFA-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Wieland Financial Services, LLC; ) | |
| Northstar Mortgage Group, LLC; John ) | |
| Wieland; Dave Sander; Beth Loftis; ) | |
| Sabadell United Bank, and subsidiary ) | |
| VirtualBank; John and Jane Does 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

John A. Nell and Rebecca L. Nell ("Plaintiffs") filed this action on March 11, 2013, relating to their mortgage on and mortgage refinance of property located at 21 South Forest Beach Drive, Hilton Head Island, South Carolina 29928 ("Property"). Plaintiffs' complaint recites allegations of breach of contract, violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1961, *et seq.* ("RICO"), and securities fraud against the following defendants: Wieland Financial Services, Inc.;[1] Northstar Mortgage Group, LLC; John Wieland; Dave Sander; Beth Loftis; Sabadell United Bank, N.A. and subsidiary VirtualBank;[2] and John and Jane Does 1–10 (collectively "Defendants").

---

[1] Defendant asserts that it was incorrectly named as Wieland Financial Services, LLC.
[2] Defendant asserts that its correct name is Sabadell United Bank and that VirtualBank is misidentified as its subsidiary.

This matter comes before the court on the following motions: (1) motion to dismiss of Wieland Financial Services, Inc., John Wieland, and Dave Sander (collectively "Wieland Defendants") [Entry #16]; (2) motion to dismiss of Sabadell United Bank ("Sabadell") [Entry #21]; and (3) Plaintiffs' motion to amend the complaint [Entry #29]. These matters having been fully briefed [Entry #29, #31, #34, #36, #41, #42], they are ripe for disposition. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), this case has been referred to the undersigned for all pretrial management and motions handling. For the reasons that follow, it is recommended that the court grant the motions to dismiss and deny the motion to amend.

I.    Factual Background

Plaintiffs' 242-page complaint is titled "Breach of Contract Action" and contains 21 exhibits including documents reflecting two loans financed by mortgages on the Property. On or about November 21, 2005, Plaintiffs were approved for a $500,000 loan ("Note 1") from Wieland Financial secured by a mortgage on the Property. [Entry #1 at ¶¶ 34–36; #1-1]. Plaintiffs allege that the Wieland Defendants created a demand deposit account from which Plaintiffs could "draw on the full face value of their own notes." *Id.* at ¶¶ 27, 51. On April 21, 2006, Plaintiffs refinanced the loan with a $506,400 loan ("Note 2," together with Note 1 "the Notes") from Northstar Mortgage Group, LLC secured by the Property. *Id.* at ¶¶ 67–70, 74; *see also* Entry #1-2.

Plaintiffs' factual allegations are rife with legalese and long discussions of federal monetary policies, intermingled with legal conclusions. However, it appears that Plaintiffs' primary objection is Defendants' alleged transfers of the Notes. [Entry #1 at ¶

27]. Additionally, Plaintiffs object to Defendants' alleged creation of a demand deposit account to effectuate the loans, and Plaintiffs believe Defendants inappropriately accounted for the loans in their own ledgers. *Id*. For instance, Plaintiffs' complaint contains the following allegations:

- On or about November 21, 2005 Defendant Sander, Defendant Loftis, Defendant Wieland, [and] Defendant Wieland Financial Services knew or should have known that Wieland Financial Services was going to bifurcate the alleged loan (#115683340) without the knowledge of Plaintiffs and illegally monetize (monetization of credit) the promissory and mortgage notes for their face value of the Plaintiff's executed Notes as the only source of funding by issuing a check by debiting a bank's asset account and crediting John A. & Rebecca L Nell's demand deposit account thus breaching the terms and conditions of the contract, *id*. at ¶ 27 (citations and footnotes omitted);

- Instead of "lending" money to Plaintiffs according to the black-letter terms of the mortgage contracts of WFS and NMG [sic] delivered to Plaintiffs by human Defendants, money was "created" as "counterfeit" money through ledger bookkeeping entries [] that were not disclosed to Plaintiffs as part of the transaction, *id*. at ¶ 29 (citations and footnotes omitted); and

- WFS Defendants did not "loan" anything to Plaintiffs under the transaction it alleged as "loan" No. 115683340 of [Entry #1-1], but rather, WFS Defendants concealed the fact that WFS "created" checkbook money by "monetizing" the full face value of the two contractual mortgage documents assigned No. 115683340 and "deposited" said "monetized" notes into an Asset account and simultaneously created a "demand deposit account" in a swap of value of said notes, which was the **only** valuable consideration for the demand deposit account, in which WFS then provided Plaintiffs with checks by which to draw on the full face values of their own notes causing Plaintiffs to think it was a real "loan" of money, when it in realty it was the fraudulent and criminal creation of counterfeit currency money by use of Plaintiffs' valuable consideration derived from the notes assigned No. 115683340, *id*. at ¶ 51 (emphasis in original) (citations and footnotes omitted).

The Wieland Defendants and Sabadell argue that Plaintiffs have failed to set forth a claim upon which relief may be granted, because the complaint's factual allegations,

when separated from the intermingled legal conclusions, do not support any cause of action against any of the defendants. [Entry #16 at 5; Entry #21-1 at 4].

II.     Discussion

    A.     Standard on Motion to Dismiss

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is "not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Indeed, "[t]he presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support" the legal conclusion. *Young v. City of Mount Ranier*, 238 F.3d 567, 577 (4th Cir. 2001). Furthermore, in analyzing a Rule 12(b)(6) motion to dismiss, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs. Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Plaintiffs are pro se litigants, and thus their pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). However, a court may not construct litigants' legal arguments for them, *Small v. Endicott*, 998 F.2d 411, 417–418 (7th Cir. 1993), nor should it "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.	Analysis of Motions to Dismiss

Plaintiffs' complaint alleges that Defendants "created" money using the Notes, causing Plaintiffs to believe Defendants were lending them money, "when in reality it was the fraudulent and criminal creation of counterfeit money by use of Plaintiff[s'] valuable consideration derived from the notes assigned No. 115683340." [Entry #1 at ¶ 51].

Plaintiffs' legal theory is akin to claims premised on a "vapor money" theory that courts have routinely rejected. As one reviewing court summarized:

> Plaintiff alleges that the promissory note he executed is the equivalent of "money" that he gave to the bank. He contends that [the lender] took his "money," *i.e.*, the promissory note, deposited it into its own account without his permission, listed it as an "asset" on its ledger entries, and then essentially lent his own money back to him. . . . He further argues that because [the lender] was never at risk, and provided no consideration, the promissory note is void *ab initio*, and Defendants' attempts to foreclose on the mortgage are therefore unlawful.

*Demmler v. Bank One NA*, No. 2:05-CV-322, 2006 WL 640499, *3 (S.D. Ohio Mar. 9, 2006). The *Demmler* court concluded that the complaint was "utterly frivolous," lacked any legal foundation, and that it would be a waste of judicial resources to delve into the voluminous allegations of the complaint. *Id*. Other courts reviewing such allegations have reached similar conclusions. *See Demmler* at *4 (listing cases); *Gallant v. Deutsche Bank Nat. Trust Co.*, 766 F.Supp.2d 714, 722 (W.D. Va. 2011); *McLehan v. Mortgage Elec. Registration Sys.*, 2009 WL 1542929, at *2 (E.D. Mich. June 2, 2009); *see also McLaughlin v. CitiMortgage, Inc.*, 726 F.Supp.2d 201, 212 (D.Conn. Jun 11, 2010) ("At this point in the argument, plaintiffs relying on the vapor money theory typically

introduce an additional wrinkle: whereas they gave the banks valuable 'money' (in the form of a promissory note), the banks gave them something that is essentially worthless: 'mere' credit (and the right to live in their homes, but that appears to be immaterial to the argument).").

Although Plaintiffs allege that Defendants did not provide consideration for the notes, PlaintiffS attach the settlement statements for the loans that show that Plaintiffs received the benefit of the loan proceeds. [Entry #1-3]. In addition, Plaintiffs do not argue that Defendants' alleged failure to perform under the mortgages prevented their purchase of the Property. Therefore, Plaintiff have failed to set forth allegations showing that Defendants failed to perform under the mortgages.

Plaintiffs have similarly failed to allege sufficient factual allegations that Defendants engaged in a racketeering activity. To states a RICO claim, Plaintiffs must allege that (1) a defendant person (2) employed or associated with (3) an enterprise, engaged in, or the activities of which affect, interstate or foreign commerce, (4) conducts or participates in the conduct of the affairs of the enterprise (5) through a pattern of racketeering activity. 18 U.S.C.A. § 1962(c). Although Plaintiffs allege that Defendants engaged in extortion, counterfeiting, mail fraud, and robbery [Entry #1 at ¶¶ 116–122], Plaintiffs' factual allegations do not support these legal conclusions, as they continue to rely on Plaintiffs' "vapor money" legal theories. Therefore, the undersigned agrees with other courts that have considered such allegations and finds that Plaintiffs have failed to set forth a claim upon which relief can be granted for their breach of contract and RICO claims.

Plaintiffs have similarly failed to set forth sufficient factual allegations to support a claim of securities fraud. Specifically, Plaintiffs' allegation that the 2005 loan is still listed as active by Mortgage Electronic Registration Systems, Inc. ("MERS") [Entry #1 at ¶ 148] is insufficient to support a claim of securities fraud. Therefore, the undersigned recommends that the court grant the motions to dismiss of Wieland Financial and Sabadell.

C.     Plaintiffs' Motion to Amend

Plaintiffs move to amend their complaint to assert causes of action for conversion, theft by deception, and extortion. [Entry #30]. "[L]eave [to amend] shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "A motion to amend should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001) (internal quotation marks omitted); *see also Gordon v. Leeke*, 574 F.2d 1147, 1152-53 (4th Cir. 1978) (a pro se litigant is entitled to the opportunity to amend his pleadings if he has alleged a potentially meritorious cause of action).

Construing Plaintiffs' motion to amend their complaint liberally, the court finds that granting the motion would be futile. Plaintiffs' proposed amended complaint is based on the same legal theories as their original complaint. For instance, the proposed amended complaint asserts a conversion claim against Wieland Financial based on the allegation that Wieland Financial used the proceeds of the loan to Plaintiffs to satisfy the seller of the Property. [Entry #30 at ¶ 21]. Such allegations do not state a claim upon

which relief can be granted. The proposed amended complaint also contains allegations that defendants "literally stole" Plaintiffs' property through the alleged conversion and filed a false security interest on the Property. *Id.* at ¶¶ 32, 53. Because the court is not required to accept Plaintiffs' legal conclusions as true, and because the factual allegations contained in Plaintiffs' proposed amended complaint fail to state a claim upon which relief can be granted, the undersigned recommends that Plaintiffs' motion to amend be denied.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant the motions to dismiss of the Wieland Defendants [Entry #16] and Sabadell [Entry #21] and deny Plaintiffs' motion to amend [Entry #30]. The undersigned further recommends that, in light of Plaintiffs' failure to state a claim upon which relief may be granted, this action be dismissed with prejudice against all remaining defendants.[3]

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

January 17, 2014                                        Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[3] The undersigned notes that Plaintiff has failed to serve defendants Northstar Mortgage Group, LLC and John and Jane Does 1–10 within 120 days of filing the complaint as required by Fed. R. Civ. P. 4(m). Additionally, although defendant Beth Loftis appears to have been served and has failed to make an appearance, Plaintiffs' complaint does not state a claim for which relief can be granted, even when Plaintiffs' factual allegations are assumed to be true. Therefore, the remaining defendants are also entitled to dismissal of this action.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).