IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John A. Nell and Rebecca L. Nell, <br><br> Plaintiffs, <br><br> vs. <br><br> Wieland Financial Services, LLC; Northstar Mortgage Group, LLC; John Wieland; Dave Sander; Beth Loftis; Sabadell United Bank and its subsidiary Virtual Bank; and John and Jane Does 1-10. <br><br> Defendants. | C/A No. 0:13-cv-00639-JFA <br><br><br> **ORDER** |

John A. Nell and Rebecca L. Nell ("Plaintiffs"), who are proceeding pro se, bring this action alleging breach of contract and contending that the defendants engaged in racketeering activity and securities fraud in connection with the plaintiffs' mortgage refinance. Plaintiffs seek treble damages, restitution, costs, and attorney's fees for their injuries.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation ("Report") wherein she suggests that this court: (1) grant the motions to dismiss filed by four of the defendants, Wieland Financial Services, Inc., John Wieland, Dave Sander, and Sabadell United Bank; and (2) deny Plaintiffs' motion to amend the complaint. The Magistrate Judge also notes that Plaintiffs have failed to serve defendants Northstar Mortgage Group, LLC, and John and Jane Does within 120 days of filing the complaint as required by Fed.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

R. Civ. P. 4(m).  Additionally, although defendant Beth Loftis appears to have been served and has failed to make an appearance, plaintiffs' complaint does not state a claim for which relief can be granted, even when plaintiffs' factual allegations are assumed to be true.  Thus, the Magistrate Judge recommends that the remaining defendants who have not filed a motion to dismiss or answer also are entitled to dismissal.

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

As the Magistrate Judge observes in her Report, the plaintiffs' complaint is 242 pages long.  It is styled "Breach of Contract Action" and contains an attachment of 21 exhibits reflecting two loans financed by mortgages on the subject property.  The Magistrate Judge suggests that the factual allegations in the complaint are "rife with legalese and long discussions of federal monetary policies, intermingled with legal conclusions."  She suggests that the primary claim by the plaintiffs, as gleaned from the lengthy complaint, relates to the defendants' alleged transfers of promissory notes executed by the plaintiffs.  This court may take judicial notice that many of the allegations regarding monetary policy contained in the complaint are available on the internet and have been included in other civil actions filed on this court's docket.

The Magistrate Judge suggests that the motions to dismiss should be granted because the factual allegations of the complaint, when separated from the intermingled legal conclusions, do not support any cause of action against any of the defendants. The Magistrate Judge also discusses the appropriate standard by which this court should measure the pleadings of pro se litigants, and nevertheless concludes that dismissal is proper.

Relying upon the analysis by the court in *Demmler v. Bank One NA*, No. 2:05-CV-322, 2006 WL 640499, at *3 (S.D. Ohio Mar. 9, 2006), among others, the Magistrate Judge concludes

that the complaint is "utterly frivolous" and lacking in legal foundation. She concludes that it would be a waste of judicial resources to delve into the voluminous allegations of the complaint.

Plaintiffs were apprised of their right to object to the Report of the Magistrate Judge. Plaintiffs have filed three documents now before this court: (1) a set of formal objections to the Report, ECF No. 53; (2) a memorandum of law "In Support of Plaintiffs' Right to Present Their Case," ECF No. 54; and (3) an "Explanation of Banking Exhibits to Help the Court Understand Plaintiffs' Complaint," ECF No. 55. Finding no merit to any of the arguments advanced in any of these three pleadings, this court is constrained to agree with the Magistrate Judge that dismissal for failure to state a claim is appropriate.

Distilled to its essence, the gist of the plaintiffs' objection memorandum is that the Magistrate Judge who rendered the Report in this case did not understand the claims asserted. To this end, the objection memorandum contains extensive personal invective against the Magistrate Judge, suggesting that she has violated her "fiduciary obligations";[2] that she "is guilty of fraud";[3] that she should "take a history lesson";[4] that she is "uneducated";[5] that she is guilty of "displaying her corruption";[6] that she is a member of the American judiciary, which "today is comparable to the old Soviet Union or even the Judges of the Third Reich";[7] that she is "performing exactly the same way the uninformed Judges did in the Middle Ages";[8] that her Report "mak[es] a mockery out of the United States Constitution and the one million men and women who lost their lives in defense of this country";[9] and that the Judge is improperly

---

[2] Objection Memorandum at 3.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 4.
[6] *Id.* at 5.
[7] *Id.* at 7.
[8] *Id.* at 10.
[9] *Id.*

"creating law from the bench in a conspiratorial effort to side with her brotherhood of bar members and for the . . . enlargement of her pension account."[10]

The objection memorandum also misstates the record in this case, suggesting incorrectly on page 4 that "the Defendants have never denied one allegation [of the complaint]." The time for the defendants to admit or deny allegations of the complaint has not arrived. This is because all defendants, except for one, who have been served, have filed motions to dismiss. The filing of such motions tolls the time for these defendants to answer.

Plaintiffs' other pleadings filed in response to the Report also are of no help. The document styled "Memorandum of Law in Support of Plaintiffs' Right to Present Their Case" contains quotations from cases and historical documents with lofty language about the "right to be heard," which offer little assistance to this court in analyzing the Report under review here.

In short, this court concludes that the plaintiffs have failed to advance any legitimate grounds why the Report should not be adopted as the order of this court. Accordingly, all objections are overruled, and the Report is incorporated herein by reference. This court hereby dismisses the claims against all of the defendants with prejudice.

IT IS SO ORDERED.

*[Signature: Joseph F. Anderson, Jr.]*

March 18, 2014
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[10] *Id.*